## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| **STATE OF NEW YORK, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **Case No. 18-cv-00773** |
| **v.** ) | |
| ) | **Hon.  Reggie B. Walton** |
| **U.S. ENVIRONMENTAL PROTECTION** ) | |
| **AGENCY, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

_____)

### DEFENDANTS' OMNIBUS RESPONSE
### TO THE ORIGINAL COMPLAINT (Dkt. 1) AND
### INTERVENOR'S COMPLAINT (Dkt. 20)

Pursuant to this Court's Minute Order of May 29, 2018, Defendants the U.S.

Environmental Protection Agency and Andrew Wheeler in his official capacity as the Acting

Administrator thereof (collectively "EPA") hereby provide an "omnibus" response to the initial

Complaint filed on April 5, 2018 (Dkt. 1) ("Initial Complaint") and the Complaint filed by the

Environmental Defense Fund ("Intervenor") on May 30, 2018 (Dkt. 20) ("Intervenor's

Complaint").

### DEFENDANTS' ANSWER TO THE INITIAL COMPLAINT (Dkt. 1)

EPA hereby responds as follows to the Initial Complaint:

I.    ALLEGATIONS

1.    The allegations in Paragraph 1 constitute conclusions of law to which no response

is required.  To the extent a response is nonetheless required, EPA denies them to the extent they

are inconsistent with the statutory provisions characterized therein.

2.      The allegations in Paragraph 2 constitute conclusions of law to which no response is required.  To the extent a response is nonetheless required, EPA denies them to the extent they are inconsistent with the statutory provisions characterized therein.

3.      The allegations in Paragraph 3 constitute conclusions of law to which no response is required.  To the extent a response is nonetheless required, EPA denies them to the extent they are inconsistent with the statutory provisions characterized therein.

4.      The allegations in Paragraph 4 characterize documents that are the best evidence of their content.  EPA therefore denies the allegations in Paragraph 4 to the extent they are inconsistent with those documents.

5.      EPA admits that more than 180 days have passed since it received letters providing notice of intent to bring this suit, and that the Agency has not issued guidelines for controlling methane emissions from oil and natural gas existing sources.   The remaining allegations in Paragraph 5 constitute conclusions of law to which no response is required.  To the extent a response is nonetheless required, EPA denies them to the extent they are inconsistent with the statutory requirements characterized therein.

6–21.   The allegations in Paragraphs 6 through 21 characterize Plaintiffs' claims, to which no response is required.

22.      The allegations in Paragraph 22 constitute legal conclusions to which no response is required.  To the extent a response is nonetheless required, EPA denies them to the extent they are inconsistent with the statutory provisions characterized therein.

23.      EPA avers that Andrew Wheeler is the Agency's Acting Administrator, and that Scott Pruitt is no longer the Agency's Administrator.  The remaining allegations in Paragraph 23 constitute legal conclusions, to which no response is required.  To the extent a response is

nonetheless required, EPA denies them to the extent they are inconsistent with the statutory provisions characterized therein.

24.    EPA admits the allegations in Paragraph 24.

25.    The allegations in Paragraph 25 constitute legal conclusions to which no response is required.  To the extent a response is nonetheless required, EPA denies them to the extent they are inconsistent with the statutory provisions characterized therein.

26.    The allegations in Paragraph 26 constitute legal conclusions to which no response is required.  To the extent a response is nonetheless required, EPA denies them to the extent they are inconsistent with the statutory provision characterized therein.

27.    The allegations in Paragraph 27 constitute legal conclusions to which no response is required.  To the extent a response is nonetheless required, EPA denies them to the extent they are inconsistent with the statutory or regulatory provisions characterized therein.

28.    The allegations in Paragraph 28 constitute legal conclusions to which no response is required.  To the extent a response is nonetheless required, EPA denies them to the extent they are inconsistent with the regulatory provisions characterized therein.

29.    EPA admits the allegations in the first sentence of Paragraph 29.  The allegations in the second and third sentences in Paragraph 29 characterize a document that is the best evidence of its content.  EPA therefore denies the allegations in Paragraph 29 to the extent they are inconsistent with that document.

30.    The allegations in Paragraph 30 characterize a document that is the best evidence of its content.  EPA therefore denies the allegations in Paragraph 30 to the extent they are inconsistent with that document.

31.     The allegations in Paragraph 31 characterize a document that is the best evidence of its content.  EPA therefore denies the allegations in Paragraph 31 to the extent they are inconsistent with that document.

32.     The allegations in Paragraph 32 characterize a document that is the best evidence of its content.  EPA therefore denies the allegations in Paragraph 32 to the extent they are inconsistent with that document.

33.     EPA does not possess knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33, and on that basis denies them.

34.     EPA does not possess knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34, and on that basis denies them.

35.     EPA avers that, to date, methane emissions from existing sources exceed methane emissions from new sources.  EPA denies the remaining allegations in the first sentence in Paragraph 35.  The allegations in the second sentence in Paragraph 35 characterize a document that is the best evidence of its content.  EPA therefore denies the allegations in the second sentence in Paragraph 35 to the extent they are inconsistent with that document.

36.     The allegations in the first sentence in Paragraph 36 characterize a document that is the best evidence of its content.  EPA therefore denies the allegations in the first sentence in Paragraph 35 to the extent they are inconsistent with that document.  EPA does not possess knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence in Paragraph 36, and on that basis denies them.

37.     The allegations in Paragraph 37 characterize a document that is the best evidence of its content.  EPA therefore denies the allegations in Paragraph 37 to the extent they are inconsistent with that document.

38.    The allegations in Paragraph 38 characterizes documents that are the best evidence of their content.  EPA therefore denies the allegations in Paragraph 38 to the extent they are inconsistent with those documents.

39.    EPA avers that that two parties filed suit in 2009 regarding the 1985 standards described in Paragraph 38 of Plaintiffs' Complaint, and denies the remaining allegations in the first sentence in Paragraph 39.  The second and third sentences in Paragraph 39 characterize a document that is the best evidence of its content.  EPA therefore denies the allegations in the second and third sentences in Paragraph 39 to the extent they are inconsistent with that document.

40.    The first and second sentences in Paragraph 40 characterize a document that is the best evidence of its content.  EPA therefore denies the allegations in the first and second sentences in Paragraph 39 to the extent they are inconsistent with that document.  EPA admits that it did not propose standards for methane emissions in 2011, and avers that in 2009 the EPA Administrator made a finding "that elevated concentrations of greenhouse gases in the atmosphere may reasonably be anticipated to endanger the public health and to endanger the public welfare of current and future generations."  74 Fed. Reg. 66,496, 66,516 (December 15, 2009).  EPA denies the remaining allegations in the third sentence of Paragraph 40.

41.    The allegations in Paragraph 41 characterize a document that is the best evidence of its content.  EPA therefore denies the allegations in Paragraph 39 to the extent they are inconsistent with that document.

42.    The allegations in the first sentence in Paragraph 42 constitute a legal conclusion to which no response is required.  To the extent a response is nonetheless required, EPA denies them to the extent they are inconsistent with the statutory provision characterized therein.  The

remaining sentences in Paragraph 42 characterize a document that is the best evidence of its

content.  EPA therefore denies the allegations in the remaining sentences in Paragraph 42 to the

extent they are inconsistent with that document.

     43.     The allegations in Paragraph 43 characterize documents that are the best evidence

of their content.  EPA therefore denies the allegations in Paragraph 43 to the extent they are

inconsistent with that document.

     44.     EPA avers that it possesses data regarding measures to avoid or reduce methane

leaks from oil and natural gas operations, and denies the remaining allegations in the first

sentence in Paragraph 44.  The allegations in the second sentence in Paragraph 44 characterize a

document that is the best evidence of its content.  EPA therefore denies the allegations in the

second sentence in Paragraph 44 to the extent they are inconsistent with that document.

     45.     The allegations in Paragraph 45 characterize a document that is the best evidence

of its content.  EPA therefore denies the allegations in Paragraph 45 to the extent they are

inconsistent with that document.

     46.     The allegations in the first two sentences in Paragraph 46 characterize documents

that are the best evidence of their content.  EPA therefore denies the allegations in the first two

sentences in Paragraph 46 to the extent they are inconsistent with those documents.  EPA does

not possess knowledge or information sufficient to form a belief as to the truth of the allegations

in the third sentence in Paragraph 46, and on that basis denies them.

     47.     EPA admits the allegations in the second sentence in Paragraph 47.  The

remaining allegations in Paragraph 47 characterize documents that are the best evidence of their

content.  EPA therefore denies the remaining allegations in Paragraph 47 to the extent they are

inconsistent with those documents.

48.     The allegations in the first sentence in Paragraph 48 characterize a document that is the best evidence of its content.  EPA therefore denies the allegations in the first sentence in Paragraph 48 to the extent they are inconsistent with that document.  The allegations in the second sentence in Paragraph 48 characterize additional documents that are the best evidence of their content.  EPA therefore denies the allegations in the second sentence in Paragraph 48 to the extent they are inconsistent with those documents.  In addition, the allegations in the second sentence include a conclusion of law to which no response is required.  To the extent a response is nonetheless required, EPA denies them to the extent they are inconsistent with the statutory provision characterized therein.

49.     The allegations in the first sentence in Paragraph 49 characterize a document that is the best evidence of its content.  EPA therefore denies the allegations in the first sentence in Paragraph 49 to the extent they are inconsistent with that document.  The allegations in the second sentence in Paragraph 49 constitute legal conclusions to which no response is required. To the extent a response nonetheless is required, EPA denies those allegations to the extent they are inconsistent with the statutory or regulatory provisions characterized therein.

50.     The allegations in the first three sentences in Paragraph 50 characterize documents that are the best evidence of their content.  EPA therefore denies the allegations in the first three sentences in Paragraph 50 to the extent they are inconsistent with those documents. EPA admits the allegations in the fourth sentence in Paragraph 50.

51.     The allegations in Paragraph 51 constitute legal conclusions to which no response is required.  To the extent a response nonetheless is required, EPA denies the allegations in Paragraph 51 to the extent they are inconsistent with the statutory or regulatory provisions characterized therein.

52.     The allegations in Paragraph 52 characterize documents that are the best evidence of their content.  EPA therefore denies the allegations in Paragraph 52 to the extent they are inconsistent with those documents.

53.     The allegations in Paragraph 53 characterize a document that is the best evidence of its content.  EPA therefore denies the allegations in Paragraph 53 to the extent they are inconsistent with that document.

54.     EPA repeats and re-alleges its responses to Paragraphs 1 through 53 of the Initial Complaint as if fully set forth at length herein.

55.     The allegations in Paragraph 55 constitute legal conclusions to which no response is required.  To the extent a response nonetheless is required, EPA denies the allegations in Paragraph 55 to the extent they are inconsistent with the statutory or regulatory provisions referenced therein.

56.     EPA admits that it promulgated final standards of performance for methane emissions from new oil and natural gas sources on June 3, 2016.  The remaining allegations in Paragraph 56 constitute legal conclusions to which no response is required.  To the extent a response nonetheless is required, EPA denies the remaining allegations in Paragraph 56 to the extent they are inconsistent with the statutory provision referenced therein.

57.     EPA does not possess knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57, and on that basis denies them

58.     EPA admits the allegations in Paragraph 58.

59.     EPA avers that, in 2009, the EPA Administrator made a finding "that elevated concentrations of greenhouse gases in the atmosphere may reasonably be anticipated to endanger

the public health and to endanger the public welfare of current and future generations," 74 Fed.

Reg. at 66,516, but denies the remaining allegations in Paragraph 59.

60.     EPA admits that it possesses data regarding measures for controlling methane

emissions from oil and natural gas sources, including data obtained through the Natural Gas

STAR program which started in 1993.  EPA denies the remaining allegations in Paragraph 60.

61.     The allegations in Paragraph 61 characterize a document that is the best evidence

of its content.  EPA therefore denies the allegations in Paragraph 61 to the extent they are

inconsistent with that document.

62.     EPA admits that it possesses data regarding emissions and control strategies,

including data obtained through the Greenhouse Gas Reporting Program and 2016 CTGs for the

oil and natural gas industry.   EPA denies the remaining allegations in Paragraph 62.

63.     EPA admits that it has not issued guidelines for controlling methane emissions

from existing oil and natural gas sources.  EPA denies the remaining allegations in Paragraph 63.

64.     The allegations in Paragraph 64 constitute legal conclusions to which no response

is required.  To the extent a response nonetheless is required, EPA denies the allegations in

Paragraph 64 to the extent they are inconsistent with the statutory or regulatory provisions

referenced therein.

65.     The allegations in Paragraph 65 constitute legal conclusions to which no response

is required.  To the extent a response nonetheless is required, EPA denies the allegations in

Paragraph 65 to the extent they are inconsistent with the regulatory provisions referenced therein.

66.     EPA does not possess knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 66, and on that basis denies them.  EPA further denies

the allegations in Paragraph 66 to the extent they imply that the Agency has not complied with the Clean Air Act or EPA's implementing regulations.

Prayer for Relief:  The allegations in this section of the Complaint constitute Plaintiffs' prayer for relief, to which no response is required.  To the extent a response is nonetheless required, EPA denies that the Plaintiffs are entitled to the relief requested or to any relief whatsoever.

II.    GENERAL DENIAL

EPA denies any allegations in the Initial Complaint, whether express or implied, that are not specifically admitted, denied or qualified herein.

III.    AFFIRMATIVE DEFENSES

1.    The Initial Complaint fails to state a claim for which relief can be granted.

2.    EPA has sovereign immunity to some or all of the claims asserted in the Initial Complaint.

**DEFENDANTS' ANSWER TO THE INTERVENOR'S COMPLAINT (Dkt. 20)**

EPA hereby respond as follows to the Intervenor's Complaint:

I.    ALLEGATIONS

1.    The allegations in Paragraph 1 constitute conclusions of law to which no response is required.  To the extent a response nonetheless is required, EPA denies the allegations in Paragraph 1 to the extent they are inconsistent with the statutory provisions referenced therein.

2.    The allegations in Paragraph 2 constitute conclusions of law to which no response is required.  To the extent a response nonetheless is required, EPA denies the allegations in Paragraph 2 to the extent they are inconsistent with the statutory provisions referenced therein.

3.      EPA admits that more than 180 days have passed since the Agency received a certified letter giving notice of Intervenor's intent to bring this action.  The remaining allegations in Paragraph 3 constitute conclusions of law to which no response is required.  To the extent a response nonetheless is required, EPA denies the remaining allegations in Paragraph 3.

4.      The allegations in Paragraph 4 constitute conclusions of law to which no response is required. To the extent a response nonetheless is required, EPA denies the allegations in Paragraph 4 to the extent they are inconsistent with the statutory provision referenced therein.

5.      EPA does not possess knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5, and on that basis denies them.

6.      EPA avers that Andrew Wheeler is the Agency's Acting Administrator, and that Scott Pruitt is no longer the Agency's Administrator.  The remaining allegations in Paragraph 6 constitute legal conclusions, to which no response is required.  To the extent a response is nonetheless required, EPA denies them to the extent they are inconsistent with the statutory provisions characterized therein.

7.      EPA admits the allegations in Paragraph 7.

8.      The allegations in Paragraph 8 constitute legal conclusions to which no response is required.  To the extent a response is nonetheless required, EPA denies them to the extent they are inconsistent with the statutory provision characterized therein.

9.      The allegations in Paragraph 9 constitute legal conclusions to which no response is required.  To the extent a response is nonetheless required, EPA denies them to the extent they are inconsistent with the statutory provision characterized therein.

10.     The allegations in Paragraph 10 constitute legal conclusions to which no response is required.  To the extent a response is nonetheless required, EPA denies them to the extent they are inconsistent with the statutory or regulatory provisions characterized therein.

11.     The allegations in Paragraph 11 constitute legal conclusions to which no response is required.  To the extent a response is nonetheless required, EPA denies them to the extent they are inconsistent with the regulatory provisions characterized therein.

12.     EPA does not possess knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and on that basis denies them.

13.     The allegations in Paragraph 13 characterize a document that is the best evidence of its content.  EPA therefore denies the allegations in Paragraph 13 to the extent they are inconsistent with that document.

14.     The allegations in Paragraph 14 characterize a document that is the best evidence of its content.  EPA therefore denies the allegations in Paragraph 14 to the extent they are inconsistent with that document.

15.     The allegations in Paragraph 15 characterize documents that are the best evidence of their content.  EPA therefore denies the allegations in Paragraph 15 to the extent they are inconsistent with those documents.

16.     EPA does not possess knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and on that basis denies them.

17.     EPA does not possess knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and on that basis denies them.

18.     The allegations in the first two sentences in Paragraph 18 characterize a document that is the best evidence of its content.  EPA therefore denies the allegations in the first two

sentences in Paragraph 18 to the extent they are inconsistent with that document.  EPA does not possess knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence in Paragraph 18, and on that basis denies them.

19.     EPA does not possess knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and on that basis denies them.

20.     EPA avers that to date methane emissions from existing sources exceed methane emissions from new sources, but denies the remaining allegations in the first sentence in Paragraph 20.  The allegations in the second sentence in Paragraph 20 characterize a document that is the best evidence of its content.  EPA therefore denies the allegations in the second sentence in Paragraph 20 to the extent they are inconsistent with that document.

21.     The allegations in Paragraph 21 characterize a document that is the best evidence of its content.  EPA therefore denies the allegations in Paragraph 21 to the extent they are inconsistent with that document.

22.     The allegations in Paragraph 22 characterize a document that is the best evidence of its content.  EPA therefore denies the allegations in Paragraph 22 to the extent they are inconsistent with that document.

23.      The allegations in Paragraph 23 characterize documents that are the best evidence of their content.  EPA therefore denies the allegations in Paragraph 23 to the extent they are inconsistent with those documents.

24.     EPA admits that two parties filed suit in 2009 regarding the 1985 standards described in Paragraph 23 of Intervenor's Complaint.  The remaining allegations in Paragraph 24 characterize documents that are the best evidence of their content.  EPA therefore denies the

allegations in the remaining sentences in Paragraph 24 to the extent they are inconsistent with those documents.

  25. The allegations in Paragraph 25 characterize documents that are the best evidence of their content.  EPA therefore denies the allegations in Paragraph 25 to the extent they are inconsistent with those documents.

  26. The allegations in Paragraph 26 characterize a document that is the best evidence of its content.  EPA therefore denies the allegations in Paragraph 26 to the extent they are inconsistent with that document.

  27. The allegations in Paragraph 27 characterize a document that is the best evidence of its content.  EPA therefore denies the allegations in Paragraph 27 to the extent they are inconsistent with that document.

  28. The allegations in Paragraph 28 characterize a document that is the best evidence of its content.  EPA therefore denies the allegations in Paragraph 28 to the extent they are inconsistent with that document.

  29. The allegations in Paragraph 29 characterize a document that is the best evidence of its content.  EPA therefore denies the allegations in Paragraph 29 to the extent they are inconsistent with that document.

  30. The allegations in Paragraph 30 characterize a document that is the best evidence of its content.  EPA therefore denies the allegations in Paragraph 30 to the extent they are inconsistent with that document.

  31. EPA admits that it possesses and continues to collect data regarding emissions from the oil and natural gas sector and measures to reduce them.  EPA denies the remaining allegations in the first sentence in Paragraph 31.  The allegations in the second sentence in

Paragraph 31 characterize a document that is the best evidence of its content.  EPA therefore denies the allegations in the second sentence in Paragraph 31 to the extent they are inconsistent with that document.

32.     The allegations in the first and third sentences in Paragraph 32 characterize documents that are the best evidence of their content.  EPA therefore denies the allegations in the first and third sentences in Paragraph 32 to the extent they are inconsistent with those documents. EPA admits the allegations in the second sentence of Paragraph 32.  EPA avers that EPA received information on methane emissions from the oil and natural gas sector as part of the process described in Paragraph 32, but denies the remaining allegations in the fourth sentence of Paragraph 32.

33.     The allegations in the first five sentences in Paragraph 33 characterize state regulations and requirements that are the best evidence of their content.  EPA therefore denies the allegations in the first five sentences in Paragraph 33 to the extent they are inconsistent with those regulations and requirements.  EPA does not possess knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 33, and on that basis denies them.

34.     The allegations in Paragraph 34 characterize documents that are the best evidence of their content.  EPA therefore denies the allegations in Paragraph 34 to the extent they are inconsistent with those documents.

35.     The allegations in the first sentence in Paragraph 35 characterize a document that is the best evidence of its content.  EPA therefore denies the allegations in the first sentence in Paragraph 35 to the extent they are inconsistent with that document.  The allegations in the second sentence in Paragraph 35 constitute legal conclusions to which no response is required.

To the extent a response is nonetheless required, EPA denies them to the extent they are inconsistent with the statutory or regulatory provisions characterized therein.

36.     The allegations in Paragraph 36 characterize regulations and documents that are the best evidence of their content.  EPA therefore denies the allegations in Paragraph 36 to the extent they are inconsistent with those regulations and documents.

37.     The allegations in Paragraph 37 characterize a document that is the best evidence of its content.  EPA therefore denies the allegations in Paragraph 37 to the extent they are inconsistent with that document.

38.     The allegations in Paragraph 38 characterize documents that are the best evidence of their content.  EPA therefore denies the allegations in Paragraph 38 to the extent they are inconsistent with those documents.

39.     The allegations in Paragraph 39 characterize a document that is the best evidence of its content.  EPA therefore denies the allegations in Paragraph 39 to the extent they are inconsistent with that document.

40.     EPA admits that on March 2, 2017, the Agency issued the notice identified in the first sentence of Paragraph 40.  EPA does not possess knowledge or information sufficient to form a belief as to the truth of the allegations in the second half of the fourth sentence of Paragraph 40, which allegations characterize Intervenor's knowledge, and on that basis denies them.  The remaining allegations in the first, second, third and fourth sentences in Paragraph 40 characterize that notice, which is the best evidence of its content.  EPA therefore denies the allegations in those sentences to the extent they are inconsistent with that document.  EPA denies the allegations in the fifth sentence in Paragraph 40.  EPA admits that it did not announce plans regarding emission guidelines for existing sources in the oil and natural gas sector after issuance

of the notice identified in the first sentence of Paragraph 40, but denies the remaining allegations in the sixth sentence in Paragraph 40.

41.     EPA admits that it has not issued guidelines for controlling methane emissions from existing oil and natural gas sources.  The remaining allegations in the first sentence and in the first half of the second sentence in Paragraph 41 constitute legal conclusions to which no response is required.  To the extent a response nonetheless is required, EPA denies those allegations to the extent they are inconsistent with the statutory or regulatory provisions characterized therein.  EPA denies the remaining allegations in the second sentence in Paragraph 41.

42.     EPA repeats and re-alleges its responses to Paragraphs 1 through 41 of the Intervenor's Complaint as if fully set forth at length herein.

43.     The allegations in Paragraph 43 constitute legal conclusions to which no response is required.  To the extent a response nonetheless is required, EPA denies the allegations in Paragraph 43 to the extent they are inconsistent with the statutory or regulatory provisions characterized previously.

44.     EPA admits that it promulgated final standards of performance for methane emissions from new oil and natural gas sources on June 3, 2016.  The remaining allegations in Paragraph 44 constitute legal conclusions to which no response is required.

45.     EPA avers that in 1979, EPA listed "Crude Oil and Natural Gas Production" in its "promulgated list of major source categories for which standards of performance for new stationary sources are to be promulgated," and that the list "reflects the Administrator's determination that, based on preliminary assessments, emissions from the listed source

categories contribute significantly to air pollution." 44 Fed. Reg. 49,222, 49,226 (Aug. 21, 1979). EPA denies the remaining allegations in Paragraph 45.

46. EPA admits that it possesses data regarding measures for controlling methane emissions from oil and natural gas sources, including data obtained through the Natural Gas STAR Program which started in 1993, but denies the remaining allegations in the first sentence in Paragraph 46. The allegations in the second sentence in Paragraph 46 characterize state regulations that are the best evidence of their content. EPA therefore denies the allegations in Paragraph 46 to the extent they are inconsistent with those regulations.

47. EPA avers that, in 2009, the EPA Administrator made a finding "that elevated concentrations of greenhouse gases in the atmosphere may reasonably be anticipated to endanger the public health and to endanger the public welfare of current and future generations" 74 Fed. Reg. at 66,516, but denies the remaining allegations in Paragraph 47.

48. The allegations in Paragraph 48 characterize a document that is the best evidence of its content. EPA therefore denies the allegations in Paragraph 48 to the extent they are inconsistent with that document.

49. EPA admits that it possesses scientific and technical data regarding measures for controlling methane emissions from oil and natural gas sources. The remaining allegation in Paragraph 49 characterize documents that are the best evidence of their content. EPA therefore denies the remaining allegations in Paragraph 49 to the extent they are inconsistent with those documents.

50. EPA admits that it has not issued guidelines for controlling methane emissions from oil and natural gas existing sources, but denies the remaining allegations in Paragraph 50 to

the extent they imply that the Agency has not complied with the Clean Air Act or EPA's implementing regulations.

51.    EPA admits that it has withdrawn the information collection request identified in Paragraph 37 of the Intervenor's Complaint.  EPA denies the remaining allegations in Paragraph 51 to the extent they imply that the Agency has not complied with the Clean Air Act or EPA's implementing regulations.

52.    The allegations in Paragraph 52 constitute legal conclusions to which no response is required.  To the extent a response nonetheless is required, EPA denies the allegations in Paragraph 52 to the extent they are inconsistent with the statutory or regulatory provisions characterized therein.

53.    The allegations in the first sentence in Paragraph 53 constitute legal conclusions to which no response is required.  To the extent a response nonetheless is required, EPA denies the allegations in the first sentence in Paragraph 53 to the extent they are inconsistent with the statutory or regulatory provisions characterized therein.  EPA does not possess knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence in Paragraph 53, and on that basis denies them.

54.    The allegation that EPA has unreasonably delayed in issuing the guidelines described in Paragraph 52 is a conclusion of law to which no response is required.  To the extent a response nonetheless is required, EPA denies that allegation.  EPA does not possess knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 54, and on that basis denies them.

Prayer for Relief:  The allegations in this section of the Complaint constitute Intervenor's prayer for relief, to which no response is required.  To the extent a response is nonetheless

required, EPA denies that the Intervenor is entitled to the relief requested or to any relief

whatsoever.

II.     <u>GENERAL DENIAL</u>

EPA denies any allegations in the Intervenor's Complaint, whether express or implied,

that are not specifically admitted, denied or qualified herein.

III.    <u>AFFIRMATIVE DEFENSE</u>

1.      The Intervenor's Complaint fails to state a claim for which relief can be granted.

2.      EPA has sovereign immunity to some or all of the claims asserted in the

Intervenor's Complaint.

Respectfully submitted,

JEFFREY H. WOOD
Acting Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

Dated:  July 31, 2018            /s/ Heather E. Gange
                                HEATHER E. GANGE
                                D.C. Bar No. 452615
                                U.S. Department of Justice
                                Environmental Defense Section
                                P.O. Box 7611
                                Washington, DC 20044-7611
                                Tel. 202.514.4206
                                Fax. 202.514.8865
                                Heather.Gange@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I, Heather E. Gange, hereby certify that on this 31st day of July, 2018, I electronically

filed the foregoing OMNIBUS RESPONSE with the Clerk of Court using the ECF system,

which effected service on all counsel of record as specified in the Notice of Electronic Filing.

/s/ Heather E. Gange
HEATHER E. GANGE
U.S. Department of Justice
Environmental Defense Section
Environment & Natural Resources Division
P.O. Box 7611
Washington, D.C.  20044
Tel.:  (202) 514-4206
Fax:  (202) 514-8865
Heather.Gange@usdoj.gov