IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF NEW YORK, et al., | ) |
| Plaintiffs, | ) |
| and | ) |
| ENVIRONMENTAL DEFENSE FUND, | ) Civil Action No. 18-cv-773 (RBW) |
| Plaintiff-Intervenor, | ) |
| | ) Hon. Reggie Walton |
| v. | ) |
| ANDREW WHEELER, et al., | ) |
| Defendants. | ) |

**REPLY IN SUPPORT OF MOTION TO SET A BRIEFING SCHEDULE**

Plaintiffs the States of New York, California, Connecticut, Illinois, Iowa, Maine, Maryland, New Mexico, Oregon, Rhode Island, Vermont, Washington, the Commonwealths of Massachusetts and Pennsylvania, the District of Columbia, and the City of Chicago and Plaintiff-Intervenor Environmental Defense Fund (collectively "Plaintiffs"), by and through the undersigned counsel, respectfully submit this reply in further support of their request that the Court set a summary judgment briefing schedule. This request is made in response to EPA's May 15, 2020, status report indicating that it will not finalize its proposed rule to rescind or modify methane standards for new sources in the oil and natural gas sector ("New Source Rescission Rule" or "Proposed Rule") by June 2020, as previously represented to the Court.

1. EPA does not dispute that it will not finalize the New Source Rescission Rule by the June 18, 2020 conference, or indeed by the end of June. EPA now claims that it "expects to

take final action by the end of July," but provides no assurance nor any reasonable basis to suggest it is likely to meet even this new target deadline. Defendants' Opp. to Motion for Briefing Schedule (EPA Opp.) at 3, Dkt No. 80. This is precisely the scenario Plaintiffs warned at the March 3 status conference was likely to happen—that in June EPA would say it just needed one more month. In response to Plaintiffs' concern, the Court explicitly provided that under such circumstances the Court "will set a summary judgment briefing schedule." Order, Dkt No. 72. The circumstances that the Court determined would warrant setting a summary judgment briefing schedule have now come to pass.

2. Moreover, to the extent it is relevant, it remains speculative that EPA will even finalize the Proposed Rule in July 2020, as EPA now represents. As with its prior representations to the Court, EPA continues to rely on overly optimistic and unrealistic projections of time for taking final action, if any, on the New Source Rescission Rule.

3. First, EPA's target date for final action—the end of July—is contingent on the Office of Management and Budget (OMB) completing its Executive Order 12,866 review within 30 days, or by July 2, 2020. EPA Opp. at 3, Dkt No. 80 ("*If that expedited review is granted*, EPA expects to take final action by the end of July." (emphasis added)). Executive Order (E.O.) 12,866, OMB's governing policy for regulatory planning and review, allows OMB up to ninety days to review the Proposed Rule, and it is not uncommon for OMB reviews to extend even longer. *See* 58 Fed. Reg. 51735, Sec. 6(b)(2) (Oct. 4, 1993). EPA has not provided the Court with any written confirmation from OMB that it has acceded or will accede to EPA's request for expedited review of the Proposed Rule. Significantly, in its June 15, 2020 status report filed today, EPA does *not* represent that OMB has granted EPA's request for a 30-day expedited review. *See generally* Status Report by Defendants, Dkt No. 81. Further, the basis for OMB to

grant such an exceptional request is not apparent. Expedited review is not warranted by any "emergency situation," as contemplated under E.O. 12,866. *See id.* at Sec. 6(a)(3)(D). EPA is under no statutory or court-ordered deadline to rescind new source methane regulation, but rather is merely seeking to further its own discretionary deregulatory policy agenda.

4. Second, thirty days is not likely to be sufficient time for OMB to complete its scheduled E.O. 12,866 meetings and "provide meaningful guidance and oversight" in its interagency review process, as is its duty. *Id.* at Sec. 6(b). OMB's public website so far lists scheduled public meetings out to June 29, just a few days prior to EPA's July 2 requested review deadline.[1] EPA's most recent status report noting that OMB has "to date" scheduled all granted meeting requests in June, *see* Dkt No. 81, Ex. 1 ¶ 14, is of no moment. OMB is likely to receive additional public meeting requests, which, depending on their number, OMB may well schedule into July and beyond. And the package that EPA submitted to OMB on June 2 for which it seeks expedited review is comprised not only of the Proposed Methane Rescission Rule but also a second, highly technical rulemaking package that EPA intends to finalize at the same time. This second rulemaking package is EPA's long-delayed action to weaken standards for pollution emitted by new oil and gas sources by requiring less frequent monitoring and repair of pollution leaks at well sites and compressor stations, which was proposed on October 15, 2018. Upon submission of the two rulemakings to OMB, an EPA spokesperson stated that "EPA expects to issue the final regulations concurrently after interagency review is complete." *See* Jean Chemick, *Methane rule heads to White House for speedy review*, E&E News (June 2, 2020), https://www.eenews.net/climatewire/stories/1063293991. It is highly unlikely that OMB will

---

[1] *See* RIN 2060-AT90, EO 12866 Meetings, https://www.reginfo.gov/public/do/eom12866SearchResults?pubId=201910&rin=2060-AT90&viewRule=true.

complete its review of not one, but two major proposed rulemakings—one highly technical—within 30 days.

5. Nor does EPA's submission of the New Source Rescission Rule to OMB mean there is no more "uncertainty regarding whether the proposed rule will be finalized." EPA Opp. at 3, Dkt No. 80. OMB review is not merely a rubber stamp; not infrequently, proposed rules submitted by an agency to OMB will change substantially or even fail. *See, e.g.*, Sept. 2, 2011 Letter from Cass Sunstein, Administrator of Office of Information and Regulatory Affairs (OIRA), to EPA Administrator Lisa Jackson (Sept. 2, 2011) (returning EPA's draft final rule "Reconsideration of the 2008 Ozone National Ambient Air Quality Standards"), *available at* https://www.reginfo.gov/public/return/EPA_Return_Letter_9-2-2011.pdf. Thus, unless and until OMB completes its review of EPA's Proposed Rule, and EPA finalizes the Proposed Rule, any claims about whether a final rule will issue and, if it does, what it will say and whether it could moot this case remain speculative. *See* Plaintiffs' Mot. for Briefing Schedule at ¶ 10, Dkt No. 78.

6. The continued delay and uncertainty attending EPA's finalization of the New Source Rescission Rule beyond the June 18, 2020, conference and the significant interests at stake upon further delay, warrant a briefing schedule for summary judgment motions. Further, the Court should reject EPA's unreasonable and unjustified request for sixty days to respond to Plaintiffs' motion and to cross-move for summary judgment. EPA Opp. at 4, Dkt No. 80. Pursuant to the Court's March 3 Order, since informing the Court in its May 15 status report that it was not going to finalize the Proposed Rule before the June 18 conference, EPA was on notice that the Court would set a briefing schedule. Further, in light of EPA's history of delay, the substantial human health and welfare harms that continue every day EPA fails to act on its duty to promulgate an Existing Source Rule for controlling pollution from existing oil and natural gas

sources, and EPA's prior representations to the Court that its defense in this case is straightforward, *e.g.* Motion for Stay at 9-11, Dkt No. 59, and that it could file its motion for summary judgment "within approximately 30 days," Joint Case Management Statement at 8, Dkt No. 36, allowing EPA thirty days to respond and cross-move is both practicable and reasonable. Plaintiffs' motion will be based on the documents, testimony, and admissions EPA has already given, and many of the issues in this case have already been briefed in the context of EPA's motion to stay and the parties' filings on their discovery disputes. *E.g.*, Dkt Nos. 74 & 75. Because Plaintiffs have proposed moving first, EPA also will have additional time to work on its cross motion for summary judgment while Plaintiffs draft their motion.

7.   Accordingly, Plaintiffs request this Court move forward with setting the briefing schedule proposed in Plaintiffs' motion.

                            Respectfully Submitted,

Dated: June 15, 2020                 FOR THE STATE OF NEW YORK

                            LETITIA JAMES
                            Attorney General

                              /s/ Morgan A. Costello
                            Morgan A. Costello
                            Christopher C. Gore
                            Assistant Attorneys General
                            Office of the Attorney General
                            Environmental Protection Bureau
                            The Capitol
                            Albany, NY 12224
                            (518) 776-2392

| | |
|---|---|
| FOR THE STATE OF CALIFORNIA | FOR THE STATE OF CONNECTICUT |
| XAVIER BECERRA<br>Attorney General | WILLIAM TONG<br>Attorney General |
| \_\_/s/ Kavita P. Lesser\_\_<br>Timothy E. Sullivan<br>Daniel M. Lucas<br>Kavita P. Lesser<br>Deputy Attorneys General<br>California Department of Justice<br>300 South Spring Street<br>Los Angeles, CA 90013<br>(213) 269-6605<br>*Attorneys for the State of California, by and through the California Air Resources Board and Attorney General Xavier Becerra* | \_\_/s/ Jill Lacedonia\_\_<br>Jill Lacedonia<br>Assistant Attorney General<br>Office of the Attorney General<br>55 Elm Street<br>Hartford, CT 06141-0120<br>(860) 808-5250 |
| | FOR THE STATE OF ILLINOIS |
| | KWAME RAOUL<br>Attorney General |
| | \_\_/s/ Gerald Karr\_\_<br>Gerald Karr<br>Assistant Attorney General<br>Illinois Attorney General's Office<br>69 W. Washington St., 18th Floor<br>Chicago, IL 60602<br>(312) 814-3369 |
| FOR THE COMMONWEALTH OF MASSACHUSETTS | |
| MAURA HEALEY<br>Attorney General | |
| \_\_/s/ Melissa Hoffer\_\_<br>Melissa Hoffer<br>Chief, Energy and Environment Bureau<br>Turner Smith<br>Assistant Attorney General<br>Megan Herzog<br>Special Assistant Attorney General<br>Office of the Attorney General<br>One Ashburton Place, 18th Floor<br>Boston, MA 02108<br>(617) 727-2200 | FOR THE STATE OF IOWA<br><br>THOMAS J. MILLER<br>Attorney General<br><br>\_\_/s/ Jacob Larson\_\_<br>Jacob Larson<br>Assistant Attorney General<br>Environmental Law Division<br>Hoover State Office Building<br>1305 E. Walnut St., 2nd Floor<br>Des Moines, IA 50319<br>(515) 281-5341 |

| FOR THE STATE OF MAINE | FOR THE STATE OF OREGON |
|---|---|
| AARON M. FREY<br>Attorney General | ELLEN F. ROSENBLUM<br>Attorney General |
| /s/ Laura Jensen<br>Laura Jensen<br>Assistant Attorney General<br>Maine Attorney General's Office<br>6 State House Station<br>Augusta, ME 04333-0006<br>(207) 626-8800 | /s/ Paul Garrahan<br>Paul Garrahan<br>Attorney-in-Charge, Natural Resources Section<br>Oregon Department of Justice<br>1162 Court St. NE<br>Salem, OR 97301-4096<br>(503) 947-4593 |
| FOR THE STATE OF MARYLAND | FOR THE COMMONWEALTH OF PENNSYLVANIA |
| BRIAN E. FROSH<br>Attorney General | JOSH SHAPIRO<br>Attorney General |
| /s/ Leah J. Tulin<br>Leah J. Tulin<br>Assistant Attorney General<br>200 St. Paul Place<br>Baltimore, MD 21202<br>(410) 576-6962 | /s/ Michael J. Fischer<br>Michael J. Fischer<br>Chief Deputy Attorney General<br>Robert A. Reiley<br>Assistant Director, Pennsylvania Department of Environmental Protection<br>Environmental Protection Section<br>Pennsylvania Office of the Attorney General<br>Strawberry Square<br>Harrisburg, PA 17120<br>(215) 560-2171 |
| FOR THE STATE OF NEW MEXICO | FOR THE STATE OF RHODE ISLAND |
| HECTOR H. BALDERAS<br>Attorney General | PETER F. NERONHA<br>Attorney General |
| /s/ William Grantham<br>William Grantham<br>Consumer & Environmental Protection Division<br>New Mexico Office of the Attorney General<br>201 Third St. NW, Suite 300<br>Albuquerque, NM 87102<br>(505) 717-3500 | /s/ Gregory S. Schultz<br>Gregory S. Schultz<br>Special Assistant Attorney General<br>Rhode Island Department of Attorney General<br>150 South Main Street<br>Providence, RI 02903<br>(401) 274-4400 |

| FOR THE STATE OF VERMONT | FOR THE DISTRICT OF COLUMBIA |
|---|---|
| THOMAS J. DONOVAN, JR.<br>Attorney General | KARL A. RACINE<br>Attorney General |
| /s/ Nicholas F. Persampieri<br>Nicholas F. Persampieri<br>Assistant Attorney General<br>Office of the Attorney General<br>109 State Street<br>Montpelier, VT 05609<br>(802) 828-3186 | Catherine A. Jackson<br>Chief, Public Integrity Section<br><br>/s/ David S. Hoffmann<br>David S. Hoffmann<br>Assistant Attorney General<br>Office of the Attorney General<br>of the District of Columbia<br>441 Fourth St. NW Ste. 600-S<br>Washington, D.C. 20001<br>(202) 442-9889 |
| FOR THE STATE OF WASHINGTON | |
| ROBERT W. FERGUSON<br>Attorney General | |
| /s/ Emily C. Nelson<br>Emily C. Nelson<br>Assistant Attorney General<br>Washington State Attorney General's Office<br>PO Box 40117<br>Olympia, WA 98504<br>(360) 586-4607 | FOR THE CITY OF CHICAGO<br><br>EDWARD N. SISKEL<br>Corporation Counsel<br><br>/s/ Jared Policicchio<br>Jared Policicchio<br>Supervising Assistant Corporation Counsel<br>Admitted *Pro Hac Vice*<br>30 N. LaSalle Street, Suite 1400<br>Chicago, IL 60602<br>(312) 744-1438 |

DATED: June 15, 2020        /s/ Susannah L. Weaver

Susannah L. Weaver, D.C. Bar # 1023021
Sean H. Donahue, D.C. Bar # 940450
Donahue, Goldberg & Weaver, LLP
1008 Pennsylvania Ave. SE
Washington, DC 20003
Phone: (202) 569-3818 (Ms. Weaver)
Phone: (202) 277-7085 (Mr. Donahue)
susannah@donahuegoldberg.com
sean@donahuegoldberg.com

Peter Zalzal, CO Bar # 42164
Rosalie Winn, CA Bar # 305616
Rachel Fullmer, CO Bar # 49868
Environmental Defense Fund
2060 Broadway, Suite 300
Boulder, CO 80302
Phone: (303) 447-7214 (Mr. Zalzal)
Phone: (303) 447-7212 (Ms. Winn)
Phone: (303) 447-7208 (Ms. Fullmer)
pzalzal@edf.org
rwinn@edf.org
rfullmer@edf.org

*Counsel for Plaintiff-Intervenor Environmental Defense Fund*

**CERTIFICATE OF SERVICE**

 I certify that on June 15, 2020, I filed the foregoing **REPLY IN SUPPORT OF MOTION TO SET BRIEFING SCHEDULE** using the United States District Court CM/ECF system, which caused all counsel of record to be served electronically.

               /s/ Morgan A. Costello
               Morgan A. Costello