# Exhibit 7

Defendants' Amended Responses to Plaintiffs' First Set of Interrogatories (Apr. 26, 2019)

Plaintiffs' Motion For Summary Judgment

STATE OF NEW YORK, *et al.*, and ENVIRONMENTAL DEFENSE FUND
v.
ANDREW WHEELER, *et al.*
Civil Action No. 18-cv-0773 (RBW)

# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF NEW YORK, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | No. 18-cv-0773 |
| ) | |
| ENVIRONMENTAL DEFENSE FUND, ) | Hon. Reggie Walton |
| ) | |
| Plaintiff-Intervenor, ) | |
| ) | |
| v. ) | |
| ) | |
| U.S. ENVIRONMENTAL PROTECTION ) | |
| AGENCY, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## DEFENDANTS' RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Defendants the United States Environmental Protection Agency and Andrew Wheeler in his official capacity as the Acting Administrator thereof (collectively "EPA" or the "United States") hereby provides the following amended responses to the Plaintiffs' First Set of Interrogatories.

## GENERAL OBJECTION

1. The United States objects to the Interrogatories to the extent that they seek information protected by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, or any other applicable privilege or doctrine. The United States further objects to the Interrogatories to the extent that they seek information concerning employees or contractors of the United States that the United States is required or authorized not to produce pursuant to 5 U.S.C. § 552a (Privacy Act) or any other applicable provision of law. Where such information is withheld or redacted from a response, the United States will so state within the response and provide a supporting privilege log consistent with Fed. R. Civ. P. 26(b) and the Order

1

Regarding Discovery Procedure entered in this case on September 27, 2018 (Dkt. No. 38) ("Discovery Order").

## **SPECIFIC OBJECTIONS TO DEFINITIONS**

2.  The United States objects to the definitions of the terms "Document" and "documents" in Plaintiffs' First Set of Interrogatories to the extent that they encompass materials or information that are not discoverable, or that the parties are not required to preserve, collect, or produce pursuant to the Discovery Order.  The United States responds consistent with the terms of the Discovery Order.

3.  The United States objects to the definition of the terms "identify," "describe," "provide," and "explain" in Plaintiffs' First Set of Interrogatories to the extent that they request that the United States provide voluminous information in addition to the response to the question posed by each Interrogatory, including every single fact related to that response, and dates, sources, documents, and individuals related to each of those facts.  Such requests, which are unreasonably burdensome and not proportionate to the needs of this unreasonable delay case, also constitute at least five discrete subparts to each interrogatory, which would result in an exceedance of the maximum number of interrogatories permitted under Fed. R. Civ. P. 33(a)(1).  The United States therefore responds only to the questions posed in each interrogatory.

4.  The United States objects to the definition of the term "Defendants' Disclosures" in Plaintiffs' First Set of Interrogatories to the extent that it instructs the United States to respond based upon the uncorrected version of the Initial Disclosures provided to Plaintiffs on October 31, 2018.  The United States responds based upon the corrected version that was provided on November 14, 2018.

**SPECIFIC OBJECTIONS TO INSTRUCTIONS**

5.        The United States objects to Instruction No. 5 to the extent that it seeks knowledge, information, or materials that are not within EPA's possession, custody, or control.  As specified in Fed. R. Civ. P. 34(a), the United States responds with respect to knowledge, information, and materials in EPA's possession, custody, or control.

6.        The United States objects to Instruction No. 6 to the extent that it directs the United States to identify responsive documents by document control number.  No general control numbering system is used for all documents within the EPA offices involved in the actions at issue. Instead, the United States will produce such materials consistent with the Discovery Order and identify Bates range(s) for review consistent with Fed. R. Civ. P. 33(d)(1).  The United States further objects to the remainder of Instruction No. 6, which requests voluminous, detailed information regarding unavailable materials contrary to Fed. R. Civ. P. 33 and the Discovery Order.  In addition, this portion of Instruction No. 6, which is unreasonably burdensome and not proportionate to the needs of this unreasonable delay case, also constitutes at least several discrete subparts that would exceed the maximum number of interrogatories permitted under Fed. R. Civ. P. 33(a)(1).

7.        The United States objects to Instruction Nos. 8 - 10 as unreasonably burdensome and not proportionate to the needs of this unreasonable delay case.  The requirements and means for asserting privilege claims and producing associated materials are specified in the Discovery Order and in Fed. R. Civ. P. 26(b)(5), which will ensure that Plaintiffs receive all non-privileged responsive information, as well as the information necessary for Plaintiffs to assess any privilege claim asserted.  The United States will respond consistent with Fed. R. Civ. P. 26(b)(5) and the Discovery Order.

**INTERROGATORIES**

4.      Identify all Persons the Administrator consulted in the decision-making process that led to the withdrawal of the 2016 ICR.

**RESPONSE**: The United States specifically objects to Interrogatory No. 4 as unreasonably burdensome and not proportionate to the needs of this case. Because the individual who served as the Administrator during the decision-making process for withdrawal of the ICR is no longer with the federal government, EPA would have to devote a significant amount of time and resources to develop a response, the accuracy of which the Agency could not reliably establish. Equally important, communications between individuals during that decision-making process are not relevant to the subject matter of this case—EPA's alleged unreasonable delay in issuing guidelines for existing oil and natural gas sources. The identities of individuals who communicated with the former Administrator do not speak to the factors established in *Telecommunications Research & Action Ctr. v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984) ("*TRAC*"). Moreover, the basis for EPA's withdrawal of the ICR was explained in the Federal Register notice announcing that withdrawal at 82 Fed. Reg. 12,817 (March 7, 2017).

Without waiving its objections, and pursuant to an agreement with Plaintiffs to fulfill the United States' obligation to respond to Interrogatory No. 4, EPA identified three current officials who were all at the agency at the time of the ICR withdrawal and who are most familiar with the circumstances surrounding the ICR withdrawal to document their best recollection of an answer to Interrogatory No. 4. Those EPA officials are as follows: Peter Tsirigotis, Sarah Dunham, and Paul Gunning. The EPA officials consulted for this interrogatory are not aware of any persons either inside or outside of the Agency that former Administrator Pruitt consulted in the decision-making process that led to the withdrawal of the 2016 ICR. These EPA officials did not discuss the ICR withdrawal at any time with Mr. Pruitt. They also are not aware of other officials still at EPA who

4

would be equally or more familiar with the circumstances surrounding the ICR withdrawal.

**5.     Identify all Communications between any Person outside of EPA and the Administrator and/or EPA regarding the basis for withdrawal of the 2016 ICR prior to the Administrator deciding to withdraw the ICR.**

**RESPONSE**: The United States specifically objects to Interrogatory No. 5 as unreasonably burdensome and not proportionate to the needs of this case for the same reasons articulated in response to Interrogatory No. 4.  Indeed, Interrogatory No. 5 attempts to impose an even greater burden than Interrogatory No. 4, as it attempts to elicit all communications between *any* person outside of EPA, without limitation, and *any* person within the Agency itself, again without limitation, regarding a topic that does not speak to the *TRAC* factors for the subject matter of this suit.  Furthermore, as noted in the United States' amended disclosures under Fed. R. Civ. P. 26(a), EPA articulated the basis for the Agency's withdrawal of the ICR in the Federal Register notice at 82 Fed. Reg. 12,817 (March 7, 2017).

Without waiving its objections, and pursuant to an agreement with Plaintiffs to fulfill the United States' obligation to respond to Interrogatory No. 5, EPA identified three current officials who were all at the agency at the time of the ICR withdrawal and who are most familiar with the circumstances surrounding the ICR withdrawal to document their best recollection of an answer to Interrogatory No. 5.  Those EPA officials are as follows: Peter Tsirigotis, Sarah Dunham, and Paul Gunning.  In response to this Interrogatory, Ms. Dunham and Mr. Tsirigotis recalled a letter sent to EPA from various outside sources (States and/or State Attorney General offices) asking that EPA withdraw the ICR. This is the March 1, 2017 letter referenced in Plaintiffs' Interrogatory No. 7. Aside from the communication mentioned above, the EPA officials consulted for this interrogatory are not aware of any others meeting the description in Interrogatory No. 5.  These EPA officials did not themselves discuss the ICR withdrawal with any outside parties prior to the public

announcement of the withdrawal, and they have no knowledge of any such communications occuring aside from the letter described above.

      **6.**     **Identify the date(s) on which the Administrator and EPA first became aware of the basis for withdrawal of the 2016 ICR.**

     **RESPONSE**: The United States specifically objects to Interrogatory No. 6 as unreasonably burdensome and not proportionate to the needs of this case. The individual who served as the Administrator during the decision-making process for withdrawal is no longer with the federal government. There may be other EPA personnel who were involved in this process but have since left the Agency. Further, numerous EPA personnel were involved in issuing, collecting information pursuant to, and withdrawing the ICR, and may have become aware of information relating to the basis for EPA's withdrawal of the ICR through different means and at different times. Consequently, EPA would have to devote a significant amount of time and resources to developing a response, the accuracy of which the Agency could not reliably establish. The United States also specifically objects to Interrogatory No. 6 because the date or dates on which individual EPA personnel became aware of the basis for the withdrawal, which is articulated in the Federal Register notice at 82 Fed. Reg. 12,817 (March 7, 2017), does not speak to the *TRAC* factors with respect to the guidelines at issue in this case.

     Without waiving its objections, and pursuant to an agreement with Plaintiffs to fulfill the United States' obligation to respond to Interrogatory No. 6, EPA identified three current officials who were all at the agency at the time of the ICR withdrawal and who are most familiar with the circumstances surrounding the ICR withdrawal to document their best recollection of an answer to Interrogatory No. 6. Those EPA officials are as follows: Sarah Dunham, Peter Tsirigotis and Paul Gunning. The EPA officials consulted for this interrogatory recalled that they became aware of the basis for the withdrawal of the 2016 ICR on March 2, 2017. They do not know the dates on which

6

former Administrator Pruitt or others within EPA first became aware of the basis for the ICR withdrawal.

**9.     Identify whether the Administrator or any EPA official consulted with any States who were not parties to the March 1, 2017 letter referenced in Interrogatory No. 7 regarding withdrawal of the ICR prior to withdrawing it.**

RESPONSE: The United States specifically objects to Interrogatory No. 9 as unduly burdensome and not proportionate to the needs of this case because neither the substantive merits of, nor the grounds for, withdrawal of the ICR are at issue in this unreasonable delay case. Moreover, the individuals who served as the Administrator and certain other relevant EPA officials at the time of the ICR withdrawal are no longer with the federal government. Consequently, EPA would have to devote substantial time and resources to developing a response, the accuracy of which the Agency could not reliably establish.

Without waiving its objections, and pursuant to an agreement with Plaintiffs to fulfill the United States' obligation to respond to Interrogatory No. 9, EPA identified three current officials who were all at the agency at the time of the ICR withdrawal and who are most familiar with the circumstances surrounding the ICR withdrawal to document their best recollection of an answer to Interrogatory No. 9.  Those EPA officials are as follows: Peter Tsirigotis, Sarah Dunham, and Paul Gunning.  The EPA officials consulted for this interrogatory are not aware of any communications of the type described in Interrogatory No. 9.  These EPA officials did not discuss the ICR withdrawal with any outside parties prior to the public announcement of the withdrawal, and they have no knowledge of any such communications occurring.

**24.     Identify all Persons who have participated in the Ongoing Review.**

RESPONSE: The United States specifically objects to Interrogatory No. 24 as overbroad and unduly burdensome to the extent that it seeks information regarding "all persons" who have participated in the E.O. Review without regard to the nature of their participation, the knowledge

7

they possess, or its relevance to the issues in this case. The United States further objects on the grounds that any substantive information such persons may possess regarding this incomplete and as-yet-unproposed rule making likely would be deliberative, and therefore protected from disclosure under the deliberative process privilege.

Without waiving its objections, and pursuant to an agreement with Plaintiffs to fulfill the United States' obligation to respond to Interrogatory No. 24, EPA confirms that the following individuals identified in EPA's amended Fed. R. Civ. P. 26(a) disclosures have participated in some manner in the Ongoing Review:

Office of Air and Radiation (OAR), Washington, D.C.
Adam Eisele
Jameel Alsalam
Mark Defigueiredo
Sarah Dunham
Mandy Gunasekara
Paul Gunning
David Harlow
Shaun Ragnauth
Suzanne Waltzer
William Wehrum
Melissa Weitz

OAR, Research Triangle Park
David Cozzie
Steve Fruh
Gerri Garwood
Amy Hambrick
Jodi Howard
Penny Lassiter
Alex MacPherson
Marguerite McLamb
Karen Marsh
Elizabeth Miller
Ned Shappley
Lisa Thompson
Peter Tsirigotis
Erika Sasser
Darryl Weatherhead
Matthew Witosky
Jonathan Witt

Office of Enforcement and Compliance Assurance
Apple Chapman
Marcia Mia
Virginia Sorrell

Office of General Counsel
Amy Branning
Howard Hoffman
Matthew Marks
Justin Schwab
Gautam Srinivasan
Elliott Zenick

                                    Signed as to objections:

Dated: April 26, 2019                      /s/ Heather E. Gange
                                                Heather E. Gange, Esq.
                                                D.C. Bar No. 452615
                                                U.S. Department of Justice
                                                Environment & Natural Resources Division
                                                Environmental Defense Section
                                                P.O. Box 7611
                                                Washington, DC 20044-7611
                                                Tel. 202.514.4206

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF NEW YORK, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | No. 18-cv-0773 |
| ) | |
| ENVIRONMENTAL DEFENSE FUND, ) | Hon. Reggie Walton |
| ) | |
| Plaintiff-Intervenor, ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES ENVIRONMENTAL ) | |
| PROTECTION AGENCY, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**SIGNATURES FOR DEFENDANTS' RESPONSES TO
PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Dated: April 26, 2019

As to answers to all Interrogatories

_____
Peter E. Tsirigotis, Director
Office of Air Quality Planning and Standards
United States Environmental Protection Agency
109 T.W. Alexander Drive
Research Triangle Park, NC 27709

Dated: April 26, 2019

As to objections:

_____
HEATHER E. GANGE
United States Department of Justice
Environment & Natural Resources Div.
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(202) 514-0375 (telephone)

1

## CERTIFICATE OF SERVICE

I, Heather Gange, certify that on this 26th day of April 2019, I transmitted a copy of the foregoing via electronic mail and via U.S. Mail, postage prepaid, to the following counsel of record:

| | |
|---|---|
| State of New York<br>Plaintiff | Michael Myers<br>NEW YORK STATE ATTORNEY GENERAL<br>Environmental Protection Bureau<br>The Capitol<br>Albany , NY  12224<br>(518) 776-2382<br>Email:Michael.Myers@ag.Ny.Gov<br><br>Morgan Anna Costello<br>NEW YORK STATE OFFICE OF THE ATTORNEY GENERAL<br>The Capitol<br>Albany , NY  12224<br>(518) 776-2392<br>Email:Morgan.Costello@ag.Ny.Gov<br><br>Christopher Charles Gore<br>NEW YORK STATE OFFICE OF THE ATTORNEY GENERAL<br>Environmental Protection Bureau 350 Main Street Main Place Tower, Suite 300a<br>Buffalo , NY  14202<br>(716) 852-6295<br>Email:Christopher.Gore@ag.Ny.Gov |
| State of California<br>Plaintiff | Daniel Martin Lucas<br>OFFICE OF THE ATTORNEY GENERAL/CA<br>300 South Spring Street<br>#1702<br>Los Angeles , CA  90013<br>(213) 269-6345<br>Email:Daniel.Lucas@doj.Ca.Gov<br><br>Morgan Anna Costello |

10

|  |  |
|---|---|
|  | Kavita Paul Lesser<br>CALIFORNIA DEPARMTENT OF JUSTICE<br>Office Of The Attorney General- Environment Section 300 South Spring Street Suite 1702<br>Los Angeles , CA  90013<br>(213) 269-6605<br>Email:Kavita.Lesser@doj.Ca.Gov |
|  | Timothy Eugene Sullivan<br>CALIFORNIA DEPARTMENT OF JUSTICE<br>Office Of The Attorney General P.O. Box 70550 1515 Clay St. 20th Floor<br>Oakland , CA  94612<br>(510) 879-0987<br>Email:Timothy.Sullivan@doj.Ca.Gov |
| State of Connecticut<br>Plaintiff | Jill N. Lacedonia<br>OFFICE OF ATTORNEY GENERAL/CT<br>P.O. Box 120 55 Elm Street<br>Hartford , CT  06141<br>(860) 808-5250<br>Email:Jill.Lacedonia@ct.Gov<br><br>Morgan Anna Costell |
| State of Illinois<br>Plaintiff | Gerald Thomas Karr<br>OFFICE OF ATTORNEY GENERAL/IL<br>69 West Washington Street<br>#1800<br>Chicago , IL  60602<br>(312) 814-3369<br>Email:Gkarr@atg.State.Il.Us<br><br>Morgan Anna Costello |
| State of Iowa<br>Plaintiff | Morgan Anna Costello<br><br>Jacob John Larson<br>IOWA ATTORNEY GENERAL'S OFFICE<br>Hoover Building 1305 East Walnut Street 2nd Floor<br>Des Moines , IA  50319 |

11

|  |  |
|---|---|
|  | (515) 281-5341<br>Email:Jacob.Larson@ag.Iowa.Gov |
| State of Maine<br>Plaintiff | Gerald Donohue Reid<br>STATE OF MAINE OF THE ATTORNEY GENERAL<br>Natural Resources Division<br>6 State House Station<br>Augusta , ME  03222-0006<br>(207) 626-8545<br>Email:Jerry.Reid@maine.Gov<br><br>Morgan Anna Costello |
| State of Maryland<br>Plaintiff | Morgan Anna Costello<br><br>Leah J. Tulin<br>OFFICE OF THE ATTORNEY GENERAL<br>200 St. Paul Place 20th Floor<br>Baltimore , MD  21202<br>410-576-6962<br>Email:Ltulin@oag.State.Md.Us |
| Commonwealth of Massachusetts<br>Plaintiff | Melissa A. Hoffer<br>ATTORNEY GENERAL, MASSACHUSEETTS<br>One Ashburton Place<br>Boston , MA  02108<br>(617) 963-2322<br>Email:Melissa.Hoffer@state.Ma.Us<br><br>Morgan Anna Costello<br><br>Turner H. Smith<br>MASSACHUSETTS OFFICE OF THE ATTORNEY GENERAL<br>Environmental Protection Division<br>One Ashburton Place<br>Boston , MA  02108<br>(617) 963-2782<br>Email:Turner.Smith@state.Ma.Us |

|  |  |
|---|---|
|  | Peter Charles Mulcahy<br>MASSACHUSETTES ATTORNEY<br>GENERAL GENERAL'S OFFICE<br>10 Mechanic Street Suite 301<br>Worchester , MA  01608<br>(774) 214-4455<br>Email:Peter.Mulcahy@state.Ma.Us |
| State of New Mexico<br>Plaintiff | Morgan Anna Costello<br><br>William Gregory Grantham<br>STATE OF MEXICO OFFICE OF THE<br>ATTORNEY GENERAL<br>Consumer And Environmental Protection<br>201 3rd St, Nw<br>Suite 300<br>Albuquerque , NM  87102<br>(505) 717-3520<br>Email:Wgrantham@nmag.Gov |
| State of Oregon<br>Plaintiff | Morgan Anna Costello<br><br>Paul Andrew Garrahan<br>OREGON DEPARTMENT OF JUSTICE<br>Natural Resources Section, General Counsel<br>Division 1162 Court Street, Ne Suite 400<br>Salem , OR  97301<br>(971) 673-1943<br>Email:Paul.Garrahan@doj.State.Or.Us |
| Commonwealth of Pennsylvania<br>Plaintiff | Michael John Fischer<br>Pennsylvania Office of Attorney General<br>Civil Law Division 1600 Arch St. Suite 300<br>Philadelphia , PA  19103<br>(215) 560-2171<br>Email:Mfischer@attorneygeneral.Gov<br><br>Morgan Anna Costello |

| | |
|---|---|
| State of Rhode Island<br>Plaintiff | Morgan Anna Costello |
| State of Vermont<br>Plaintiff | Morgan Anna Costello<br><br>Nicholas F. Persampieri<br>OFFICE OF THE ATTORNEY GENERAL/VT<br>Environmental Protection Division 109 State Street<br>Montpelier , VT  05609<br>(802) 828-3186<br>Email:Nick.Persampieri@vermont.Gov |
| State of Washington<br>Plaintiff | Katharine Goold Shirey<br>OFFICE OF ATTORNEY GENERAL/WA<br>Ecology Division<br>Po Box 40117<br>Olympia , WA  98504-0117<br>(360) 586-6769<br>Email:Kay.Shirey@atg.Wa.Gov<br><br>Morgan Anna Costello |
| District of Columbia<br>Plaintiff | Morgan Anna Costello<br><br>Jimmy R. Rock<br>OFFICE OF THE ATTORNEY GENERAL FOR THE DISTRICT OF COLUMBIA<br>441 Fourth Street, Nw Suite 600-S<br>Washington , DC  20001<br>(202) 741-0770<br>Email:Jimmy.Rock@dc.Gov |
| City of Chicago<br>Plaintiff | Morgan Anna Costello<br><br>Jared Policicchio<br>City of Chicago Department of Law<br>30 North Lasalle Street Suite 1400<br>Chicago , IL  60647<br>312-744-1438 |

| | |
|---|---|
| Environmental Defense Fund<br>Intervenor Plaintiff | Sean Hoe Donahue<br>DONAHUE & GOLDBERG, LLP<br>1111 14 Street, Nw Suite 510a<br>Washington , DC  20005<br>(202) 277-7085<br>Email:Sean@donahuegoldberg.Com<br><br>Susannah Landes Foster Weaver<br>DONAHUE, GOLDBERG & WEAVER, LLP<br>1111 14th St. Nw Suite 510a<br>Washington , DC  20005<br>(202) 569-3818<br>Email:Susannah@donahuegoldberg.Com |

     /s/ Heather E. Gange
Heather E. Gange, Esq.
D.C. Bar No. 452615
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044-7611
Tel. 202.514.4206