# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

State of New York, *et al.*,

      Plaintiffs,

           v.

U.S. Environmental Protection
Agency, *et al.*,

      Defendants.

Civil Action No. 1:18-cv-0773

Hon. Reggie B. Walton

## MEMORANDUM IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS THIS ACTION AS MOOT

United States Department of Justice
Environment & Natural Resources Division

Dated:  November 24, 2020

   */s/  Heather E. Gange*
HEATHER E. GANGE
D.C. Bar 452615
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
Tel. 202.514.4206
Heather.Gange@usdoj.gov

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................... ii-v

INTRODUCTION ...................................................................................................1

I.      BACKGROUND.........................................................................................2

        A.      Legal Background ...........................................................................2

                1.      CAA Performance Standards for New and Existing Sources.........2

                2.      CAA Citizen Suits ..............................................................4

        B.      Factual Background ........................................................................5

                1.      Methane Regulation Under CAA Section 7411(d) ..........................5

                3.      Litigation Background ...............................................................6

STANDARD OF REVIEW ........................................................................................7

ARGUMENT ...........................................................................................................8

CONCLUSION .....................................................................................................12

# TABLE OF AUTHORITIES

**CASES** **PAGE**

*Already, LLC v. Nike, Inc.,*
    568 U.S. 85 (2013) ...................................................................................................7

*Am. Bar Ass'n v. FTC,*
    636 F.3d 641 (D.C. Cir. 2011) ...............................................................................12

*Ctr. for Biological Diversity v. EPA,*
    794 F. Supp. 2d 151 (D.D.C. 2011) ......................................................................1, 5

*Ctr. for Biological Diversity v. Zinke,*
    260 F. Supp. 3d 11 (D.D.C. 2017) ...........................................................................10

*Cierco v. Mnuchin,*
    857 F.3d 407 (D.C. Cir. 2017) ..................................................................................7

*City of Arlington v. FCC,*
    569 U.S. 290 (2013) ............................................................................................. 9-10

*Consolidated Env'tl Mgmt, Inc. v. EPA,*
    Civ. No. 16-1432, 2016 WL 6876647 (E.D. La. Nov. 22, 2016)...........................9

*Envtl. Integrity Project Proj. v. EPA,*
    160 F. Supp. 3d 50 (D.D.C. 2015) ............................................................................5

*In re Am. Rivers and Idaho Rivers United,*
    372 F.3d 413 (D.C. Cir. 2004) ............................................................................ 2, 10

*In re Bluewater Network,*
    234 F.3d 1305 (D.C. Cir. 2000) .......................................................................... 9-10

*Izaak Walton League of Am. v. Johnson,*
    400 F. Supp. 2d 38 (D.D.C. 2005) ..........................................................2, 7, 10, 11

*Kokkonen v. Guardian Life Ins. Co. of Am.,*
    511 U.S. 375 (1994) ..................................................................................................7

*La. Pub. Serv. Comm'n v. FCC,*
    476 U.S. 355 (1986) ............................................................................................. 9, 10

*Lemon v. Geren,*
    514 F.3d 1312 (D.C. Cir. 2008) ...............................................................12

*Lewis v. Continental Bank Corp.,*
    494 U.S. 472 (1990) .............................................................................2, 7

*Medical Advocates for Healthy Air v. EPA,*
    Civ. No. 11-3515, 2012 WL 710352 (N.D. Cal. March 5, 2012).........................10

*Nat'l Ass'n of Home Builders v. U.S. Army Corps of Eng'rs,*
    417 F.3d 1272 (D.C. Cir. 2005) ................................................................2

*New York Public Interest Rsch Group v. Whitman,*
    214 F. Supp. 2d 1 (D.D.C. 2002) ..............................................................9

*North Carolina v. Rice,*
    404 U.S. 244 (1971) .............................................................................2, 7

*Norton v. S. Utah Wilderness,* All.,
    542 U.S. 55 (2004) ...........................................................................2, 5, 10

*NRDC v. Train,*
    510 F.2d 692 (D.C. Cir. 1974) .................................................................5

*Sierra Club v. Browner,*
    130 F. Supp. 2d 78 (D.D.C. 2001), *aff'd*
        285 F.3d 63 (D.C. Cir. 2002)..............................................................8

*Sierra Club v. Johnson,*
    444 F. Supp. 2d 46 (D.D.C. 2006) .............................................................9

*Sierra Club v. Thomas,*
    828 F.2d 783 (D.C. Cir. 1987) .................................................................4

*Sierra Club v. Wheeler,*
    956 F.3d 612 (D.C. Cir. 2020) .................................................................1

*Sierra Club v. Wheeler,*
    Civ. No. 15-1165, 2018 WL 6182748 (Nov. 27, 2018) ...................................10

*State of Cal. v. Wheeler*,
    Nos. 20-1357, 20-1359, 20-1363 (consolidated) (D.C. Cir. Oct. 27, 2020) .......... 6

*Steel Co. v. Citizens for a Better Env't*,
    523 U.S. 83 (1998) ...........................................................................................2, 7

*Zen-Noh Grain Corp. v. EPA*,
    943 F. Supp. 2d 657 (E.D. La. 2013) ....................................................................10

## STATUTES

Clean Air Act, 42 U.S.C. §§ 7401 to 7671q:

    Section 111(b)(1)(B), 42 U.S.C. § 7411(b)(1)(B) ............................................... 2

    Section 111(d), 42 U.S.C. § 7411(d) ................................................................1, 8

    Section 111(d)(1), 42 U.S.C. § 7411(d)(1) .......................................................3, 8

    Section 304(a), 42 U.S.C. § 7604(a) .................................................................5, 9

    Section 304(a)(2), 42 U.S.C. § 7604(a)(2) ........................................................4, 5

    Section 307(b), 42 U.S.C. § 7607(b) ..................................................................10

## RULES

Fed. R. Civ. P. 12(h)(3) .........................................................................................2, 7

## REGULATIONS

40 C.F.R. pt. 60, subpt. B .........................................................................................3

40 C.F.R. pt. 60, subpt. Ba .......................................................................................3

40 C.F.R. § 60.21a(a) .............................................................................................3, 8

40 C.F.R. § 60.22a ..................................................................................................1, 8

40 C.F.R. § 60.22a(a) ............................................................................................ 3-4

40 C.F.R. § 60.23a(a) ....................................................................................................4

40 C.F.R. § 60.23a(b) ...................................................................................................4

40 C.F.R. § 60.24a .........................................................................................................4

40 C.F.R. § 60.27a(b) ...................................................................................................4

40 C.F.R. § 60.27a(c) ....................................................................................................4

40 C.F.R. § 60.27a(g) ...................................................................................................4

**FEDERAL REGISTER**

40 Fed. Reg. 53,340 (Nov. 17, 1975) ..........................................................................3

81 Fed. Reg. 35,824 (June 3, 2016) .........................................................................5, 7

82 Fed. Reg. 16,093 (Mar. 31, 2017) ..........................................................................5

    82 Fed. Reg. 16,096 Sec. 7(a) .................................................................................5

84 Fed. Reg. 32,520 (July 8, 2019) .............................................................................3

85 Fed. Reg. 57,018 (Sept. 14, 2020) .........................................................................6

## **INTRODUCTION**

As the parties and the Court have anticipated for months, this case is now moot under Article III Section 2 of the U.S. Constitution and must be dismissed for lack of subject matter jurisdiction.  Plaintiffs asserted unreasonable delay claims pursuant to Clean Air Act ("CAA") Section 7604(a), 42 U.S.C. § 7604(a), seeking to compel EPA to issue guidelines under which States would regulate methane emissions from existing sources in the oil and natural gas sector ("Methane Guidelines").  ECF Nos. 1, 20.  EPA's statutory authority and duty to issue the Methane Guidelines at issue in this case arose from EPA's promulgation of new source performance standards for methane emissions from such sources in June 2016 ("Methane NSPS").  42 U.S.C. § 7411(d); 40 C.F.R. § 60.22a.  However, those Methane NSPS were rescinded by a final CAA rule that became effective on September 14, 2020, and which remains in effect.  The U.S. Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") recently denied all motions for summary vacatur or stay of that final rule pending judicial review.  Now that there are no Methane NSPS, EPA has neither the authority nor a duty to issue the Methane Guidelines.[1]

---

[1]  Based on these same facts, and for these same reasons, Plaintiffs are no longer able to state a claim upon which relief can be granted under CAA Section 7604(a).  Their claims therefore no longer fall within the narrow waiver of sovereign immunity in CAA Section 7604(a), and the Court lacks subject matter jurisdiction for this reason as well.  *Sierra Club v. Wheeler*, 956 F.3d 612, 618 (D.C. Cir. 2020); *Ctr. for Biological Diversity v. EPA,* 794 F. Supp.2d 151, 156–57 (D.D.C. 2011) (a Section 7604(a) unreasonable delay claim "requires that the agency has a duty to act in the first place")

Because EPA no longer has either a statutory duty or the authority to issue the Methane Guidelines that Plaintiffs seek in this case, the Court cannot grant "specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937)).  Plaintiffs' claims therefore are moot, and the Court must dismiss them without reaching their merits, because it lacks subject matter jurisdiction.  *Id.*; *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990) (numerous internal citations omitted); *Izaak Walton League of Am. v. Johnson*, 400 F. Supp.2d 38, 41 (D.D.C. 2005) (dismissing CAA citizen suit mooted by rule challenged in the D.C. Circuit); Fed. R. Civ. P. 12(h)(3).

## I.   <u>BACKGROUND</u>

### A.   **Legal Background**

#### 1.   **CAA Performance Standards for New and Existing Sources**

Under Section 7411(b) of the CAA, EPA promulgates standards of performance for *new* sources of air pollutants (new source performance standards, or "NSPS").  42 U.S.C. § 7411(b)(1)(B).  EPA does not promulgate performance

---

(citing *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 63 n.1 (2004*), Nat'l Ass'n of Home Builders v. U.S. Army Corps of Eng'rs*, 417 F.3d 1272, 1280 (D.C. Cir. 2005) and *In re Am. Rivers and Idaho Rivers United*, 372 F.3d 413, 418 (D.C. Cir. 2004)); *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

standards for *existing* sources.  Instead, Section 7411(d) requires EPA to issue

regulations to establish procedures under which *States* submit plans to establish,

implement, and enforce standards of performance for existing sources "for any air

pollutant . . . to which a [federal NSPS] would apply if such existing source were a

new source…."  *Id.* § 7411(d)(1).

EPA promulgated those regulations in 1975, establishing the procedure for

*States* to develop plans for controlling a "designated pollutant."  40 Fed. Reg. 53,340

(Nov. 17, 1975) (codified at 40 C.F.R. pt. 60, subpt. B).[2]  EPA defines a "designated

pollutant" as any air pollutant: (1) the emission of which is subject to a federal NSPS;

and (2) which is neither a pollutant regulated under CAA Section 7408(a) (*i.e.,* criteria

pollutants such as ground-level ozone and particulate matter, and their precursors like

volatile organic compounds ("VOC")), or a hazardous air pollutant regulated under

CAA Section 7412, mirroring the statutory exclusion of these pollutants from

regulation of existing sources under CAA section 7411(d).  42 U.S.C. § 7411(d)(1); 40

C.F.R. § 60.21a(a).

Under those implementing regulations, EPA first publishes a draft emission

guideline for public comment "concurrently upon or after proposal" of the pertinent

---

[2]  Over the years, EPA has revised its CAA Section 7411(d) implementing regulations
several times, most recently on July 8, 2019.  84 Fed. Reg. 32,520 (codified at 40
C.F.R. pt. 60, subpt. Ba).  The recently amended regulations at Subpart Ba, rather than
Subpart B, now govern the guidelines at issue in this case.

federal NSPS.  40 C.F.R. § 60.22a(a).  After consideration of comments on the draft

guideline "and upon or after" finalization of the pertinent federal NSPS, EPA

finalizes and publishes the guideline in the Federal Register.  *Id.*  Within three years

after publication of the final guideline, each State must submit to EPA either:  (1)

"a plan for the control of the designated pollutant to which the emission

guideline applies" that includes performance standards and compliance schedules,

among other things; or (2) a certification that the State contains no existing facilities

that would be subject to the NSPS if they instead were new.  *Id.* §§ 60.23a(a), (b),

60.24a.  EPA then evaluates the completeness of state submissions within six months,

and approves or disapproves those that are complete within one year thereafter.  *Id.*

§ 60.27a(g), (b).  Finally, if EPA disapproves a state's submittal or finds that a State

failed to submit a complete plan, the Agency promulgates a federal plan within two

years thereafter.  *Id.* § 60.27a(c).

### 2.    CAA Citizen Suits

CAA section 7604(a)(2) authorizes persons to bring suit in the federal district

courts "against [EPA] where there is alleged a failure of [EPA] to perform any act or

duty . . . which is not discretionary with [EPA]."  42 U.S.C. § 7604(a)(2); *Sierra Club v.*

*Thomas*, 828 F.2d 783, 790-91 (D.C. Cir. 1987).  Such a suit may only be brought

where another CAA provision expressly requires EPA to take a discrete action by a

"date-certain deadline."  *Sierra Club* at 790-91.  Pertinent to this case, Section 7604(a)

also authorizes suits where another CAA provision affirmatively requires EPA to act,

4

but the Agency retains discretion as to the precise date of performance and EPA's action has been unreasonably delayed.[3]  42 U.S.C. § 7604(a); *see Envtl. Integrity Proj. v. EPA*, 160 F. Supp. 3d 50, 56-57, 62-63 (D.D.C. 2015) (citing *Sierra Club v. Thomas*, 828 F.2d at 792); *Norton,* 542 U.S. 55, 64 & 63 n.1 (2004); *Ctr. for Biological Diversity,* 794 F. Supp.2d at 151 (D.D.C. 2011).  Under either type of citizen suit, the district courts may establish enforceable deadlines for EPA to take required actions.  *NRDC v. Train*, 510 F.2d 692, 705 (D.C. Cir. 1974); 42 U.S.C. § 7604(a)(2).

### B.    Factual Background

#### 1.    Methane Regulation under CAA Section 7411(d)

In June 2016 EPA published a final rule establishing both VOC and methane emission standards for various types of new sources in the oil and gas industry.  81 Fed. Reg. 35,824 (June 3, 2016).  This was the first time that EPA had promulgated standards to control methane emissions from new sources in this industry, and that component of the June 2016 rule is referred to herein as the Methane NSPS.

EPA did not propose draft Methane Guidelines in June 2016, and in April 2017, EPA began reviewing the Methane NSPS (among other things) pursuant to Executive Order 13783.  82 Fed. Reg. 16,093, 16,096 Sec. 7(a) (Mar. 31, 2017).  EPA completed that review and promulgated a final rule on September 14, 2020, that,

---

[3]  The unreasonable delay provision is contained in the text below the enumerated subsections in 42 U.S.C. § 7604(a).

among other things, rescinded the Methane NSPS ("Final Rule").  85 Fed. Reg. 57,018

(Sept. 14, 2020).  The Final Rule became effective upon publication.  *Id.*

Although the Final Rule is being challenged in the D.C. Circuit, that court lifted

a temporary administrative stay of the Final Rule that was imposed early in the

consolidated cases, and also denied all motions to stay the Final Rule pending

completion of judicial review.  *State of California et al. v. Wheeler*, Case Nos. 20-1357, 20-

1359, 20-1363 (consolidated), Per Curium Order dated Oct. 27, 2020, ECF No.

1868350.  Because the Final Rule remains in place, the Methane NSPS are rescinded

and no longer legally effective.

## 2.    Litigation Background

Plaintiffs filed their respective complaints on April 5 and May 30, 2018,

asserting claims that EPA unreasonably delayed issuing the Methane Guidelines.  ECF

Nos. 1, 20.  EPA answered on July 31, 2018, ECF. No. 29, and the parties

subsequently engaged in fact discovery that concluded in March 2020.  Summary

judgment briefing began in July 2020, but the Final Rule that became effective on

September 14, 2020 rescinded the Methane NSPS, which is the source of EPA's

authority and duty to issue the Methane Guidelines at issue in this case.  ECF No. 85;

81 Fed. Reg. 35,824.  In light of the Final Rule, the Court stayed the remainder of the

summary judgment briefing schedule, and the parties are now briefing this motion to

dismiss on mootness grounds.  Minute Order dated Nov. 10, 2020; ECF Nos. 93-94.

## STANDARD OF REVIEW

"Federal courts are courts of limited jurisdiction" and may only hear cases when authorized by the Constitution or by statute.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Article III Section 2 of the Constitution requires the existence of a "case" or "controversy" through all stages of federal judicial proceedings.  This means that, throughout the litigation, "a suit 'must be definite and concrete, touching the legal relations of parties having adverse legal interests. . . . It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" *North Carolina,* 404 U.S. at 246 (quoting *Aetna Life Ins. Co.* 300 U.S. at 240-241); *Lewis,* 494 U.S. at 477; *Izaak Walton League*, 400 F. Supp.2d at 41 (dismissing CAA citizen suit mooted by rule challenged in the D.C. Circuit) (internal citations omitted).  Whenever that requirement is no longer met, a case is moot and must be dismissed for lack of jurisdiction without reaching the merits.  Fed. R. Civ. P. 12(h)(3); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998); *North Carolina*, 404 U.S. at 246 ("[O]ur impotence 'to review moot cases derives from the requirement of Article III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy.'") (quoting *Liner v. Jafco, Inc.*, 375 U.S. 301, 306 n.3 (1964)) (other internal citations omitted)); *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90-91 (2013); *Cierco v. Mnuchin*, 857 F.3d 407, 414 (D.C. Cir. 2017); *Izaak Walton League*, 400 F. Supp.2d at 41.

## **ARGUMENT**

This CAA Section 7604(a) unreasonable delay suit should now be dismissed because it has been rendered moot by the Final Rule.  More specifically, the Final Rule rescinded the Methane NSPS, thereby mooting Plaintiffs' claims by eliminating both EPA's obligation and its authority to issue the Methane Guidelines under CAA Section 7411(d) and its implementing regulations.  Under those provisions, EPA is required to publish guidelines for "designated pollutants" which are pollutants (1) "the emissions of which are *subject to a standard of performance for new stationary sources*," and (2) which meet certain other statutory criteria not relevant here.  40 C.F.R. § 60.21a(a) (emphasis added); 42 U.S.C. § 7411(d)(1).  Because the Methane NSPS have been rescinded, methane is no longer subject to a standard of performance for new stationary sources in the oil and natural gas sector.  Methane therefore is no longer a "designated pollutant," which means that EPA no longer has any obligation to regulate methane emissions from existing oil and natural gas sources under CAA Section 7411(d) and no longer has the authority to issue Methane Guidelines under 40 C.F.R. Part 60, Subpart Ba.  42 U.S.C. § 7411(d); 40 C.F.R. §§ 60.21a(a), 60.22a.

In this CAA Section 7604(a) unreasonable delay case, Plaintiffs seek an order establishing a schedule by which EPA must fulfill its former obligation to issue

Methane Guidelines.[4]  ECF No. 1, at 16-17; ECF No. 20, at 17.  Indeed, the *only* relief

Plaintiffs may obtain under Section 7604(a) is a deadline by which EPA must take a

mandated action that has been unreasonably delayed.[5]  *See* 42 U.S.C. § 7604(a)

(granting district courts "jurisdiction to compel . . . agency action unreasonably

delayed"); *New York Public Interest Rsch. Group v. Whitman*, 214 F. Supp.2d 1, 3-4

(D.D.C. 2002); *Sierra Club v. Browner*, 130 F. Supp.2d 78, 89-90 (D.D.C. 2001), *aff'd*,

285 F.3d 63 (D.C. Cir. 2002); *see also, e.g.*, *Sierra Club v. Johnson*, 444 F. Supp.2d 46, 60

(D.D.C. 2006); *Consolidated Env'tl Mgmt Inc. v. EPA,* Civ. No. 16-1432, 2016 WL

6876647 *5 (E.D. La. Nov. 22, 2016) (quoting *Browner*, 130 F. Supp.2d at 90,

and *Johnson*, 444 F. Supp.2d at 60).

     Because EPA no longer has a statutory obligation or the authority to issue

Methane Guidelines, however, the Court can no longer award such relief.  It is well

established that "an agency literally has no power to act . . . unless and until Congress

confers power upon it," *La. Pub. Serv. Comm'n v. FCC*, 476 U.S. 355, 374 (1986), and

"[w]hen an executive agency administers a federal statute, the agency's power to act is

---

[4]  As a practical matter, no such order is needed to enable States to regulate methane
emissions from existing sources in the oil and natural gas sector.  As the States
themselves assert in this case, they already have been doing so for a number of years.
*See* ECF No. 85-2, at 42-43; ECF No. 87, at 5-11.

[5]  While Plaintiffs also seek a related declaration and fee award as remedies for EPA's
alleged unreasonable delay, those prayers for relief are now moot as well.  *See* ECF
No. 1, at 16-17; ECF No. 20, at 17.

authoritatively prescribed by Congress."  *City of Arlington v. FCC*, 569 U.S. 290, 297

(2013).  Any action that an agency takes outside the bounds of its statutory authority

therefore is *ultra vires*, *City of Arlington*, 569 U.S. at 297, and a request for an order

requiring the Agency to issue Methane Guidelines in the absence of corresponding

new source performance standards would be tantamount to a request that this Court

"grant to the agency power to override Congress."[6]  *La. Pub. Serv. Comm'n*, 476 U.S. at

374-75.

Moreover, parties may only obtain relief under CAA Section 7604(a) with

respect to an action that is both mandatory and unreasonably delayed.

*See Norton,*  542 U.S. at 64 & 63vn.1 ("[A] delay cannot be unreasonable with respect

to action that is not required."); *Ctr. for Biological Diversity,* 794 F. Supp.2d at 156–

57 ("[A]n unreasonable-delay claim requires that the agency has a duty to act in the

first place."); *see Center for Biol. Diversity v. Zinke*, 260 F. Supp.3d 11, 21 (D.D.C. 2017)

---

[6]  It would be similarly unavailing for Plaintiffs to assert that the Final Rule was
improperly promulgated and therefore should not be deemed to eliminate EPA's
authority to issue Methane Guidelines.  *See Izaak Walton League of Am.,* 400 F. Supp.2d
at 41 (citing *Burlington N. R.R. Co. v. Surface Transp. Bd.,* 75 F.3d 685, 688 (D.C.
Cir.1996)).  Such an argument would necessarily constitute a challenge to the merits of
the Final Rule because the Court would have to opine on the Rule's merits in order to
decide Plaintiffs' unreasonable delay claim.  Under Section 7607(b) of the CAA, the
D.C. Circuit has exclusive jurisdiction to decide challenges to the merits of the Final
Rule.  42 U.S.C. § 7607(b); *Izaak Walton League,* 400 F. Supp.2d at 41-44; *Medical
Advocates for Healthy Air v. EPA*, Civ. No. 111-3531, 2012 WL 710352 *6 (N.D. Cal.
March 5, 2012) (citing *Izaak Walton League*); *Sierra Club v. Wheeler*, Civ. No. 15-1165,
2018 WL 6182748 (N.D. Cal. Nov. 27, 2018) (appealed Jan. 7 2019).

(quoting *Norton*, 542 U.S. at 63 n.1); *Zen-Noh Grain Corp. v. EPA*, 943 F. Supp.2d 657,

663 (E.D. La. 2013); *see also In re Am. Rivers*, 372 F.3d at 418 (D.C. Cir. 2004); *In re*

*Bluewater Network*, 234 F.3d 1305, 1315 (D.C. Cir. 2000).  Because the Final Rule

eliminated EPA's duty to issue Methane Regulations (in addition to eliminating its

authority to do so), the Court can no longer award Plaintiffs any relief under CAA

Section 7604(a).[7]

For all of these reasons, the Final Rule rescinding the Methane NSPS clearly is

an "intervening event [that has made] it impossible to grant [Plaintiffs] effective relief"

for their 42 U.S.C. § 7604(a) unreasonable delay claim.  *Lemon v. Geren*, 514 F.3d 1312,

---

[7] Analogously, in *Izaak Walton*, a CAA citizen suit was dismissed as moot upon EPA's
finalization of a national rule that eliminated the Agency's nondiscretionary duty to
take the action for which the plaintiffs sough a deadline under CAA Section
7604(a)(2).  400 F. Supp.2d at 41-44.  The *Izaak Walton* plaintiffs sought an order
imposing a deadline by which EPA must promulgate emission standards for coal- and
oil-fired electric utility steam generating units ("EUSGUs") under 42 U.S.C. § 7412.
When that case was filed, EPA was statutorily obligated to issue such standards,
because EUSGUs had been "listed" as a source category under 42 U.S.C. § 7412(c).
*Id.* at 40; *see Izaak Walton*, Case No. 04-cv-694 (D.D.C.), ECF No. 33-2 ("*Izaak Walton*
Motion"), at 7-8 (available at 2005 Westlaw 6173714).  After the Agency issued a final
national rule that "delisted" or removed EUSGUs from the Section 112 list, EPA was
no longer obligated to issue emission standards for EGUs.  *Izaak Walton*, 400 F.
Supp.2d at 41; *see Izaak Walton* Motion, at 7-8.  The *Izaak Walton* court held that the
delisting rule therefore eliminated that court's ability to grant the relief plaintiffs
requested, mooting the case and eliminating the court's subject matter jurisdition.
*Izaak Walton*, 400 F. Supp.2d at 44.  Here, similarly, the Final Rule, which rescinded
the Methane NSPS, eliminated EPA's duty to promulgate Methane Guidelines and
therefore also eliminated the court's subject matter jurisdiction.

1315 (D.C. Cir. 2008); *see Am. Bar Ass'n v. FTC*, 636 F.3d 641, 645 (D.C. Cir. 2011).

Consequently, Plaintiffs' claims are moot and the case must be dismissed because it

no longer satisfies the case or controversy requirement of Article III Section 2 of the

Constitution.[8]

## **CONCLUSION**

For all of the foregoing reasons, EPA's motion should be granted and this case

should be dismissed as moot.

Respectfully Submitted,

United States Department of Justice
Environment & Natural Resources Division


Dated:  November 24, 2020              */s/  Heather E. Gange*
                                      HEATHER E. GANGE
                                      D.C. Bar 452615
                                      Environmental Defense Section
                                      P.O. Box 7611
                                      Washington, DC 20044
                                      Tel. 202.514.4206
                                      Heather.Gange@usdoj.gov

---

[8] Although this citizen suit is indisputably moot in light of the rescission of the Methane NSPS, EPA would not object to the Court specifying that its dismissal of this case is without prejudice to plaintiffs' right to seek appropriate relief, if any, following the D.C. Circuit's decision on the merits of the pending challenges to the Final Rule in *State of California et al. v. Wheeler*, Case Nos. 20-1357, 20-1359, 20-1363 (consolidated).

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of November, 2020, I caused a copy of the foregoing document to be served by the Court's CM/ECF system on all counsel of record in this matter as more fully reflect in the ECF notice of filing.

_/s/  Heather E. Gange_
Heather E. Gange