UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| STATE OF NEW YORK, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 18-773 (RBW) |
| | ) | |
| JANE NISHIDA, in her official capacity as Acting Administrator of the United States Environmental Protection Agency,[1] et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

The plaintiffs, the States of New York, California, Connecticut, Illinois, Iowa, Maine, Maryland, New Mexico, Oregon, Rhode Island, Vermont, and Washington; the Commonwealths of Massachusetts and Pennsylvania; the District of Columbia; and the City of Chicago (collectively, the "plaintiffs"), bring this civil action against Jane Nishida, in her official capacity as the Acting Administrator of the United States Environmental Protection Agency (the "agency"), and the agency (together, the "defendants"), pursuant to Section 304(a) of the Clean Air Act, 42 U.S.C. § 7603(a) (the "Act"). See Complaint ¶¶ 4, 6–24. The plaintiffs allege that the defendants violated Section 304(a) due to their "unreasonable delay" in "establish[ing] methane emissions guidelines covering existing oil and natural gas sources as required by section 111(d) of the Act and [the agency's] implementing regulations[.]" Id. ¶ 64.

On July 3, 2020, the plaintiffs filed their motion for summary judgment, see Plaintiffs' Notice of Motion and Motion for Summary Judgment at 1, ECF No. 85, and, shortly thereafter,

---

[1] Jane Nishida is the current Acting Administrator of the Environmental Protection Agency, and she is therefore substituted for Andrew Wheeler as the proper party defendant pursuant to Federal Rule of Civil Procedure 25(d).

the defendants filed their cross-motion for summary judgment, see Defendants' Cross Motion for Summary Judgment at 1, ECF No. 90. Prior to the conclusion of briefing regarding the parties' motions for summary judgment, the defendants filed a status report. Status Report by Defendants at 1 (Aug. 17, 2020), ECF No. 92. In their status report, the defendants represented that, on August 13, 2020, the agency had "finalized and signed" "a [ ] rule under the [Act] titled, 'Oil and Natural Gas Sector: Emission Standards for New, Reconstructed, and Modified Sources Review'" (the "final rule"), which "withdr[e]w methane standards for new and modified sources in the oil and natural gas sector." Id. at 1–2. Thereafter and following a status conference, the Court issued an Order vacating "all deadlines regarding oppositions and replies to the pending motions for summary judgment . . . pending further order of the Court." Order at 1 (Aug. 28, 2020), ECF No. 94. Then, on November 24, 2020, the defendants filed a motion to dismiss "all claims set forth in the [p]laintiffs' Complaints as moot" in light of the final rule. Defendants' Motion to Dismiss This Action as Moot at 1, ECF No. 101.

On February 4, 2021, the defendants filed a Notice of Executive Order, in which they represent that "on January 20, 2021, President Joseph R. Biden signed an Executive Order titled, 'Executive Order on Protecting Public Health and the Environment and Restoring Science to Tackle the Climate Crisis'" (the "Executive Order"). Notice of Executive Order ("Defs.' Notice") at 1, ECF No. 106 (citing 86 Fed. Reg. 7037 (Jan. 25, 2021)). The defendants assert that "pursuant to the Executive Order, [the agency] is engaging in a review of the final rule that constitutes the basis for [the defendants'] recent [m]otion to [d]ismiss, which may result in the [f]inal [r]ule's revision or rescission." Id. (citation omitted).

On February 8, 2021, the plaintiffs filed a response, in which they assert that the Executive Order and the agency's review of the final rule "support [the p]laintiffs' request in

their opposition to [the defendants'] motion [to dismiss] that this Court . . . hold in abeyance [the defendants'] motion to dismiss pending further order of the Court and set a status conference in ninety [ ] days[,]" which "will simply preserve the status quo." Plaintiffs' Response to Notice of Executive Order at 2, ECF No. 107.

In light of the parties' representations that the agency's review of the final rule may moot the defendants' motion to dismiss, as well as the parties' motions for summary judgment, it is hereby

**ORDERED** that the Plaintiffs' Notice of Motion and Motion for Summary Judgment, ECF No. 85, is **DENIED WITHOUT PREJUDICE**. It is further

**ORDERED** that the Defendants' Cross Motion for Summary Judgment, ECF No. 90, is **DENIED WITHOUT PREJUDICE**. It is further

**ORDERED** that the Defendants' Motion to Dismiss This Action as Moot, ECF No. 101, is **DENIED WITHOUT PREJUDICE**. It is further

**ORDERED** that, on or before April 9, 2021, the parties shall file a joint status report advising the Court on how the parties wish to proceed in this case.[2]

**SO ORDERED** this 12th day of February, 2021.

REGGIE B. WALTON<br>
United States District Judge

---

[2] In the event that, following the outcome of the agency's review of the final rule, the parties elect to pursue any of their motions as originally filed, the parties shall so advise the Court and the pertinent motions will be reinstated.